**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THE PENINSULA AT ST. JOHN'S CENTER CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

Case No. 3:22-cv-792-TJC-LLL

AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY,

Defendants/Third Party Plaintiffs

FIRST MERCURY INSURANCE COMPANY, CENTURY SURETY COMPANY and COMPANION SPECIALTY INSURANCE COMPANY

Third Party Defendants

---

**O R D E R**

This case is before the Court on Defendants/Third-Party Plaintiffs Amerisure Insurance Company (AIC) and Amerisure Mutual Insurance Company's (AMIC) Motion to Invalidate Third-Party Defendant First Mercury Insurance Company's Second Proposals for Settlement. (Doc. 134). First Mercury responded (Doc. 142) and AIC and AMIC have replied (Doc. 149).

AIC and AMIC filed a third-party complaint against First Mercury exclusively seeking declaratory relief. (Doc. 87 ¶ 4). The third-party complaint has a single count: declaratory judgment that the First Mercury, Century, and Companion primary policies afford primary coverage to Auchter for the underlying Final Judgment. Id. at 14.

First Mercury provided to AIC and AMIC proposals for settlement under Fla. R. Civ. P. 1.442 and § 768.79, Fla. Stat. (Doc. 134, Ex. A and B). These proposals include, inter alia, resolution of AIC's and AMIC's claims for attorney's fees. (Doc. 134-1 at 3; Doc. 134-2 at 3). AIC and AMIC argue that these proposals for settlement are invalid because section 768.79 limits proposals for settlement only to civil actions for "damages," i.e., monetary relief. See § 768.79, Fla. Stat; see generally (Doc. 134).

According to First Mercury, however, AIC and AMIC claims are in their "procedural infancy" and have not resulted in a judgment, so the motion to invalidate is premature. (Doc. 142 at 3). Per First Mercury, a defendant must prevail on the merits of a case before it may seek entitlement to attorneys' fees under Florida's proposal for settlement framework. Id. at 2. By asking the Court to invalidate the proposals for settlement now, First Mercury claims that AIC and AMIC ask this Court "to pre-judge whether First Mercury would be entitled to attorneys' fees in the event First Mercury prevails in this case in the future."

Id. First Mercury also argues the motion should be denied because it is based on authority that predates passage of § 624.1552, Fla. Stat.[1] Id. at 4.

The Court agrees that any determination on the proposal for settlement and the request for attorneys' fees is premature. While the Court may need to analyze the third-party complaint to determine whether it is a civil action for damages that would make section 768.79 applicable to determine attorneys' fees, such analysis is appropriate only after this Court enters a judgment on the merits of the third-party complaint. See Diamond Aircraft Indus., Inc., 107 So. 3d at 366 (Fla. 2013) ("**After** the final judgment had been entered, Diamond Aircraft moved for attorney's fees. It claimed entitlement to fees (1) pursuant to the offer of judgment it previously served on Horowitch and section 768.79, Florida Statutes[].") (emphasis added); DiPompeo Const. Corp., 916 So. 2d at 18 (Fla. 4th DCA 2005) (DiPompeo filed a motion for attorney's fees pursuant to section 768.79 **after** the circuit court entered final judgment in favor of DiPompeo in the declaratory judgment action) (emphasis added); Hon Realty Corp. v. First Am. Title Ins. Co., 403 F. App'x 421, 422 (11th Cir. 2010) (affirming denial of attorney's fees **after** the district court entered judgment in Defendant's favor regarding Plaintiff's declaratory judgment action.) (emphasis

[1] This statute states "[t]he provisions of s. 768.79 apply to any civil action involving an insurance contract." § 624.1552, Fla. Stat. Both parties note that "except as otherwise expressly provided in this act, this act shall apply to causes of action filed after the effective date of this act." Ch. 2023-15, § 30, Laws of Fla.

added); Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co., No. 8:17-CV-2832-VMC-CPT, 2023 WL 6345332, at *17 (M.D. Fla. Aug. 15, 2023), report and recommendation adopted, No. 8:17-CV-2832-VMC-CPT, 2023 WL 6284685 (M.D. Fla. Sept. 27, 2023) ("[] Safeco could not have met the conditions set forth in Florida's offer of judgment statute, which necessitated—of relevance here—that Safeco show it had either secured a judgment of 'no liability' or that the judgment obtained by its opponent, Endurance, was 'at least 25 percent less than' Safeco's offer.") (internal citations omitted). Only in the event and after the Court enters a final judgment in favor of First Mercury would consideration of the proposals for settlement be appropriate. Therefore, the Court does not reach the merits of the motion. It is hereby

**ORDERED:**

Defendants/Third-Party Plaintiffs Amerisure Insurance Company and Amerisure Mutual Insurance Company's Motion to Invalidate Third-Party Defendant First Mercury Insurance Company's Second Proposals for Settlement (Doc.134) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, the 11th day of April, 2024.




TIMOTHY J. CORRIGAN
United States District Judge

jcd
Copies:

Counsel of record